IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Respondent,

    v.

RAYMOND ANTHONY NAPOLITAN,

       Petitioner.

Criminal No. 11-0146
ELECTRONICALLY FILED

**MEMORANDUM OPINION**

Before the Court is Petitioner's Motion for Judgment of Acquittal filed pursuant to

Fed.R.Crim.P. 29, and his Brief in Support of same. Doc. Nos. 68-69. The United States filed

its Brief in Opposition to Petitioner's Motion (doc. no. 74), and thus, the matter is ripe for

adjudication. The Motion will be denied for the reasons set forth below.

**I. Standard of Review**

In *United States v. Bates*, the United States Court of Appeals for the Third Circuit held as

follows:

> In reviewing a motion for judgment of acquittal made pursuant to
> Fed.R.Crim.P. 29, a district court must "'review the record in the light most
> favorable to the prosecution to determine whether any rational trier of fact could
> have found proof of guilt beyond a reasonable doubt based on the available
> evidence.'" *United States v. Smith*, 294 F.3d 473, 476 (3d Cir. 2002) (quoting
> *United States v. Wolfe*, 245 F.3d 257, 262 (3d Cir. 2001)). Thus, a verdict will be
> sustained "if there is substantial evidence to uphold the jury's decision." *United
> States v. Boria*, 592 F.3d 476, 480 (3d Cir. 2010). This is a "particularly
> deferential standard of review" and reviewing courts "must be ever vigilant ... not
> to usurp the role of the jury by weighing credibility and assigning weight to the
> evidence, or by substituting [the court's] judgment for that of the jury." *Id*.
> (alteration and omission in original) (quoting *United States v. Brodie*, 403 F.3d
> 123, 133 (3d Cir. 2005)).

462 Fed. Appx. 244, 246-7 (3d Cir. 2012).

## II. Background

On June 28, 2011, an indictment was filed charging Petitioner with possession with intent to distribute five hundred grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(B)(ii), and with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). Petitioner pled not guilty to the charges and a jury trial was held from September 25, 2012 through September 27, 2012. Doc. Nos. 59-61.

During the course of the jury trial, upon an oral motion raised by Petitioner's counsel to acquit Petitioner on both counts of the indictment, the Court granted Petitioner's oral motion for acquittal only with respect to the possession of a firearm charge. Doc. No. 59. The trial proceeded on the remaining drug possession charge, and on September 27, 2012, a jury found Petitioner guilty. Doc. No. 61. On October 10, 2012, Petitioner filed a renewed Motion for Judgment of Acquittal with respect to the drug possession charge. Doc. No. 68.

In his Motion for Judgment of Acquittal, Petitioner contends that the evidence was insufficient to support a conviction of possession with intent to distribute 500 grams or more of cocaine. Doc. No. 69, p. 1. In support of his position, Petitioner notes that he was not charged with the lesser-included offense of possession of a controlled substance, nor was a "lesser-included offense" jury instruction requested or provided. Id., p. 2. Petitioner primarily argues that the Government failed to meet its burden of proving that Petitioner had constructive possession of the cocaine at issue in this case. The Government contends that it did supply ample evidence to meet its burden of proof. Thus, the sole issue raised by Petitioner is whether there was sufficient evidence to support his conviction based on constructive possession of a controlled substance (cocaine) with the intent to deliver.

## III. Discussion

The United States Court of Appeals for the Third Circuit in *United States v. Brown*

described constructive possession as follows:

> . . . Although the government need not show proof of actual possession, to show "constructive" possession of an illegal substance the government must submit sufficient evidence to support an inference that the individual "knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons. Constructive possession necessarily requires both 'dominion and control' over an object and knowledge of that object's existence." *United States v. Iafelice*, 978 F.2d 92, 96 (3d Cir. 1992) (citations omitted); see also *United States v. Davis*, 461 F.2d 1026, 1035 (3d Cir. 1972). "Such dominion and control need not be exclusive but may be shared with others." *Davis*, 461 F.2d at 1035. However, "mere proximity to the drug, or mere presence on the property where it is located or mere association with the person who does control the drug or the property, is insufficient to support a finding of possession." *Id*. at 1036; see also *United States v. Walker*, 993 F.2d 196, 200 (9th Cir. 1993).

*Brown,* 3 F.3d 673, 680 (3d Cir. 1993).

Similarly, the Pennsylvania Supreme Court defines constructive possession of contraband

as the conscious dominion over the illegal substance, the power to control it, and the intent to

exercise the control. *Commonwealth v. Mudrick*, 510 Pa. 305, 507 A.2d 1212, 1213 (1986);

*Commonwealth v. Carroll*, 510 Pa. 299, 507 A.2d 819, 820-21 (1986); *Commonwealth v.*

*Macolino*, 503 Pa. 201, 469 A.2d 132, 134 (1983). Because determining whether a person had

constructive possession of contraband is not amenable to "bright line" tests (*Carroll*, 507 A.2d at

821), the finder of fact may infer an intent to maintain a conscious dominion from the totality of

the circumstances. *Macolino*, 469 A.2d at 134.

Ownership of a residence is "an important factor in establishing dominion or control over

the contraband [found in the residence]." *Jackson v. Byrd*, 105 F.3d 145, 149 (3d Cir. 1997). It

is more difficult to prove a constructive possession case if the prosecution does not demonstrate

that the defendant resides in the home where the police recover the contraband. See

*Commonwealth v. Valette*, 613 A.2d 548 (1992); *Commonwealth v. Rodriguez*, 618 A.2d 1007

(1993).

The Court notes that in *Macolino*, a husband and wife were deemed to have had

constructive possession of drugs and paraphernalia which were seized from an area to which they

had equal access – their bedroom. In *Mudrick*, the prosecution established the defendant had

constructive possession over drugs by showing that the defendant kept his personal belongings in

the residence where the drugs were located. Although these cases are not binding on this Court,

given the similarities between Pennsylvania's definition of constructive possession and how it is

defined by the federal law of this Circuit, the Court finds them instructive.

Turning to the instant matter, the prosecution presented evidence, to which Petitioner

stipulated, indicating that Petitioner was the owner of the residence where the safe containing the

cocaine at issue was found. In addition, Petitioner stipulated to the prosecution's evidence

indicating that the safe, which was located within Petitioner's home office inside his residence,

contained the cocaine at issue and was owned by Petitioner. Finally, Petitioner admitted that he

had been at his residence earlier in the day on the very day that authorities searched his home and

discovered the safe, and later, its contents.

Although evidence was presented that Petitioner shared his residence with his son and his

then-girlfriend, Lisa Rodemoyer Gibson, Ms. Rodemoyer[1] testified that she did not know the

digital combination necessary to unlock the safe from which the contraband was recovered.

There was no testimony proffered by Defendant (nor any other witness) to the contrary.

---

[1] Because both parties identified Lisa Rodemoyer Gibson throughout the trial and post-trial filings as "Ms. Rodemoyer," the Court has done likewise.

Ms. Rodemoyer admitted that she ingested Valium, which had been prescribed by a medical professional for Petitioner, and she further testified that she took Petitioner's Valium without his knowledge. Evidence was presented indicating that Petitioner's prescribed Valium was found in the safe along with the contraband at issue. Petitioner argues that if Ms. Rodemoyer had no ability to open the safe, and because the Valium was found in the safe, Ms. Rodemoyer had to be lying about her inability to open the safe. Thus, Petitioner argues that her "falsified testimony" regarding her ability to access the contents of the safe diminishes the sufficiency of evidence necessary to support the jury's verdict.

Based on the entire trial record, this Court will sustain the verdict because there is substantial evidence to uphold the jury's conviction.

First, the jury heard Petitioner's own testimony during the trial which suggested that his former girlfriend was lying about her ability to access the contents of the safe. Doc. No. 71, p. 83. Petitioner testified that Ms. Rodemoyer was able to get a key to the safe and opened the safe with a key instead of the digital combination. Id. Petitioner also testified that after he discovered that Ms. Rodemoyer had obtained a key to the safe they had an argument about her obtaining a key, but he said Ms. Rodemoyer "wouldn't let [him]" have the key back. Id.

Second, the prosecution addressed this very issue on cross-examination by first getting Petitioner to confirm that he refused to give the combination for the safe's lock to the police officer, even though Petitioner testified that the only items he knew to be in the safe were hunting rifles, prescription drugs, his and his son's hunting licenses, and blank checks. Id., p. 90. In its closing argument, the prosecution reminded the jury members that they would have to make a credibility determination with respect to Ms. Rodemoyer's testimony concerning her ability to access the contents of the safe. Doc. No. 71, pp. 115.

5

This Court will not re-weigh the credibility of Ms. Rodemoyer, nor will it assign weight to the evidence suggesting that she had equal access to the contents of the safe, nor will it substitute its own judgment for that of the jury. Even if Ms. Rodemoyer had equal access to the contents of the safe, a fact which she denied during trial, that fact does not diminish the evidence suggesting that Petitioner had constructive possession over the contents of that same safe. He admitted he owned the residence where the safe was kept, as well as the safe itself.

Simply put, based on the record it is clear that the jury was presented with the fact that Ms. Rodemoyer may have been lying about her ability to access the contents of the safe. Nevertheless, the jury considered the testimony provided by her as well as the numerous other witnesses and Petitioner, himself, but still concluded that the evidence supported a conviction. This Court finds no basis upon which to reverse the jury's conviction.

**IV. Conclusion**

The Petitioner's Motion for Judgment of Acquittal will be denied. An appropriate Order of Court follows.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:    All Registered ECF Counsel and Parties